## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **XL SPECIALTY INSURANCE CO.** | * | **CIVIL NO. 6:15-0639** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **G & GM CONSULTANTS, INC.** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss filed by defendants, G&GM Consultants, Inc. ("G&GM") and Marcombe Enterprises, LLC d/b/a/ MEI Equipment ("MEI"), filed on April 14, 2015.  [rec. doc. 12].  Plaintiff, XL Specialty Insurance Company ("XL"), filed opposition on May 5, 2015.  [rec. doc. 24].  On May 28, 2015, defendants filed a reply.  [rec. doc.   35].

On July 15, 2015, the undersigned held oral argument on the motion.  [rec. doc. 40]. After argument, the undersigned allowed the parties to file supplemental briefs.  On July 29, 2015, G&GM and MEI filed a supplemental memorandum.  [rec. doc. 41].  XL filed a sur-reply on August 10, 2015.  [rec. doc. 44].  Thereafter, the undersigned took the motion under advisement.

For the following reasons, it is recommended that the motion be **DENIED.**

## BACKGROUND

On September 12, 2007, Robert Morrisette and his wife, Carrie LaFrance ("Morrisette"), filed suit in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana. The suit arose out of an automobile accident in which Robert Morrisette alleged that he sustained serious injuries after his  vehicle was rear-ended by a Mack Truck owned by G&GM and MEI

on Evangeline Thruway (Highway 167) in Lafayette, Louisiana.

Named as defendants were the Mack Truck's driver, Edward Dwayne Thomas ("Thomas"), an alleged employee of G&GM and/or MEI; G&GM; MEI and Lafayette Insurance Company ("LIC"), which held a $1,000,000 liability policy providing coverage for defendants at the time of the accident.

In March, 2015, the Morrisettes entered into a partial settlement (a *Gasquet* settlement) with Thomas, G&GM, MEI and LIC in the state court suit. [rec. doc. 12, Exhibit A].  In the settlement, the Morrisettes reserved their rights against XL.

On March 17, 2015, XL filed a Complaint for Declaratory Judgment in this Court against G&GM and MEI.  [rec. doc. 1].  In the instant lawsuit, XL asserts that it had in force and effect a policy of umbrella insurance, Marine Excess Liability ("Bumbershoot") Policy for G&GM and MEI.  XL alleges that despite the fact that it had issued a policy of insurance that potentially covered the liability of G&GM and MEI which exceeded the coverage afforded by LIC, XL was not notified of the state court lawsuit, nor was it given any other notice of loss, until December 2, 2014.  [rec. doc. 1, ¶¶ 15, 20, 27].

 XL further asserts that it was prejudiced by this untimely notice because it was precluded from participating in meaningful settlement negotiations and prevented from adequately investigating the facts of the action.  [rec. doc. 1, ¶¶ 28, 29].  XL requests a declaration that there is no coverage under its Bumbershoot Policy and that, therefore, they have no duty to defend or indemnify G&GM and MEI for the claims pending in state court.

2

On April 14, 2015, G&GM and MEI filed a Motion to Dismiss XL's Complaint for Declaratory judgment. [rec. doc. 12].

## ANALYSIS

XL filed this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Louisiana declaratory judgment statute, La. Code Civ. P. art. 1871.

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201; *Dresser, Inc. v. Lowry*, 320 F.Supp.2d 486, 492 (W.D. La. 2004) (Drell, J.).   In *Wilton v. Seven Falls Company*, 515 U.S. 277, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995), the Supreme Court explained,

> "the Declaratory Judgment Act [is] . . . understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of the litigants . . . . We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' (citation omitted.)"

In order to decide whether or not to dismiss a Declaratory Judgment action, the federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action.  *Dresser*, 320 F.Supp.2d at 492 (*citing Sherwin Williams Company v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003)).

Regarding justiciability, a declaratory judgment action is ripe for adjudication if it addresses an actual controversy. 28 U.S.C. § 2201(a).  As a general rule, an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between

parties having adverse legal interests." *Dresser*, 320 F.Supp.2d at 492 (*citing Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000)).

In this case, XL was recently named as a party in the state court suit. Although XL was named as a party defendant in the state court suit two months after the filing of this declaratory judgment action, it is clear that an already-existing actual controversy between XL, as an insurer of the dismissed state court defendants, and Morrisette existed at the time that this declaratory judgment action was filed. This action for declaratory judgment clearly presents a justiciable case.

Once the justiciability decision is made, the Court must next determine whether it has the authority to grant declaratory relief.  A district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283. *Id*. at 493 (*citing Sherwin-Williams*, 343 F.3d at 388).  Here, XL was not named in the state court suit until after the declaratory judgment action was filed, and the cause of action against XL was not originally brought in the state court suit. Therefore, the authority of this Court is not in question.

The third factor a court must evaluate when regarding possible dismissal of a declaratory action is whether to exercise its discretion to decide the case or dismiss it. The Fifth Circuit has identified the following seven nonexclusive factors to consider when making this determination:

4

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (*citing St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

At the time that this motion to dismiss was heard on July 15, 2015, G&GM and MEI's counsel represented that he had been unaware that an amended petition had been filed in the state court action until the Morrisettes' counsel informed him here, in open court. Attached to the supplemental memorandum is a certified copy of the First Supplemental and Amending Petition [Exhibit 1], as well as a Motion and Order for Leave of Court to Supplement and Amend Petition [Exhibit 2], both filed on June 11, 2015, almost two months after the declaratory judgment action was filed in this Court. According to those pleadings, the Morrisettes requested service only on XL. There is no indication whether service had been made.

In any event, at the time that XL filed the declaratory judgment action in this Court, it had not been named as a party in the state court lawsuit.  Thus, there was no pending state action in which all of the matters in controversy could be fully litigated against XL.

Similarly, it cannot be said that XL filed suit *in anticipation* of a lawsuit being filed by defendants. The state court plaintiffs and defendants had years to name XL in the state court action and failed to do so. It appears obvious to the undersigned that the decision not to name XL in the state court action was a tactical decision made by the plaintiff.

Obviously, the declaratory judgment action was not filed in this Court to construe a state court judicial decree involving the same parties. At the time XL filed suit in this Court it was not a party in the state court suit and no decree by the state court existed.

The undersigned cannot conceive of any inequities in allowing the declaratory judgment action to proceed in this Court. The declaratory plaintiff will not gain precedence in time or benefit from the change of forums. Again, at the risk of redundancy, no suit against XL was pending when it filed in this Court, so no gain in precedence will occur. The law can be applied equally by this Court and the state court.

This Court is equally convenient to the state court (the two buildings sit a block apart) and judicial economy is not a factor, as both suits against XL have just commenced.

It does appear that XL has engaged in forum shopping, but that is not meant as a pejorative. All claimants who have the right to file suit in either state or federal court "forum shop" by virtue of their choice of where they file. This Court sees no reason why XL should be precluded from its choice of forum in favor of the defendants' and Morrisette's choice of the

6

state court forum.

Accordingly, based on the factors set out by the Fifth Circuit in *Sherwin-Williams*, the undersigned finds that XL is entitled to have its declaratory judgment action litigated here.

## CONCLUSION

For the foregoing reasons, it is recommended that the Motion to Dismiss [rec. doc. 12] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D**

**1415 (5TH CIR. 1996).**

August 20, 2015, at Lafayette, Louisiana

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

8