UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

XL SPECIALTY INSURANCE CO.          *CIVIL NO. 6:15-0639

VERSUS                              *JUDGE DOHERTY

G & GM CONSULTANTS, INC.            *MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Pending before the undersigned is the Motion for Leave to Intervene filed by Robert and Carrie Morrisette ("Morrisette"), on April 15, 2015. [rec. doc. 16]. Plaintiff, XL Specialty Insurance Company ("XL"), filed opposition on April 22, 2015. [rec. doc. 17].

On July 15, 2015, the undersigned held oral argument on the motion. [rec. doc. 40]. Thereafter, the undersigned took the motion under advisement.

For the following reasons, the motion is **DENIED.**

## BACKGROUND

On September 12, 2007, Robert Morrisette and his wife, Carrie LaFrance ("Morrisette"), filed an action in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, arising out of an automobile accident. Robert Morrisette alleged that he sustained serious injuries after his vehicle was rear-ended by a Mack Truck owned by G&GM and MEI on Evangeline Thruway (Highway 167) in Lafayette, Louisiana.

Named as defendants were the Mack Truck's driver, Edward Dwayne Thomas ("Thomas"), an alleged employee of G&GM and/or MEI, G&GM, MEI and Lafayette Insurance Company ("LIC"), which held a $1,000,000 insurance policy providing coverage for defendants at the time of the accident.

In March, 2015, the Morrisettes entered into a partial settlement (a *Gasquet* settlement) with Thomas, G&GM, MEI and LIC.  [rec. doc. 12, Exhibit A].  The Morrisettes reserved their rights against XL.

On March 17, 2015, XL filed a Complaint for Declaratory Judgment in this Court against G&GM and MEI.  [rec. doc. 1].  In the instant lawsuit, XL seeks a declaration from this Court concerning XL's obligations, if any, to defend and/or indemnify G&GM and MEI pursuant to a policy of umbrella insurance, a Marine Excess Liability ("Bumbershoot") Policy, for certain claims asserted by the Morrisettes against these defendants.  XL asserts that defendants did not notify XL of the alleged automobile accident or the filing of the Morrisettes' state court action until December 2, 2014, which was more than seven years after the Morrisettes instituted the state court action.

On April 15, 2015, the Morrisettes filed this Motion for Leave to Intervene.  [rec. doc. 16].  Attached to the motion to intervene is a proposed Motion to Dismiss and/or Stay the Complaint for Declaratory Judgment.  XL opposes the motion to intervene.

## **ANALYSIS**

The Morrisettes seek leave to intervene pursuant to Fed. R. Civ. P. 24(a) or (b).  However, the Morrisettes have only briefed the issue of whether they should be allowed to intervene under Rule 24(a).  [rec. doc. 16, p. 5].  Therefore, the Court considers their claim under Rule 24(b) as abandoned.  Thus, only their claim under Rule 24(a) will be addressed.

Fed. R. Civ. P. 24(a), provides as follows:

**(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who:

**(1)** is given an unconditional right to intervene by a federal statute; or

**(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Additionally, Rule 24(c) requires that a motion to intervene "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The Morrisettes have attached a Motion to Dismiss and/or Stay Complaint for Declaratory Judgment to their Motion for Leave to Intervene.

Simply stated, the Morrisettes have failed to assert, as required by Rule 24 (c), a "claim or defense" against the parties to the declaratory judgment action. Rather, the Morrisettes seek to either stay or dismiss the complaint for declaratory judgment. The Morrisettes assert no claim or defense against any party to the declaratory judgment action. Had the Morrisettes sought to intervene for the purpose of asserting a claim against XL, this result might be different. However, Rule 24(a) requires more than merely asking the court to dismiss the pending suit.[1]

Since the Morrisettes did not accompany their motion with a pleading that set out the claim for which intervention was sought, movants have not met the requirements for filing this

---

[1] Presumably, the reason that the Morrisettes did not assert a clam against XL in the intervention is that they want to litigate this issue in the state court rather than in this Court.

3

motion under Rule 24(c).[2]

## CONCLUSION

For the foregoing reasons, the Motion for Leave to Intervene [rec. doc. 16] is **DENIED**.

August 20, 2015, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[2] XL also asserts that the Morrisettes' interest in intervening is purely economic, and is therefore insufficient under Rule 24(a)(2). XL relies on *New Orleans Public Service, Inc., v. United Gas Pipeline Co.,* 732 F.2nd 452, 466 (5th Cir. 1984) to support its position. The Court need not address that issue since the Morrisettes failed to comply with Rule 24(c).